UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-642-RJC-DSC

| DAMETRI DALE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CRISHAWNA HAMMONDS, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint. [Doc. 1]. Also pending is Plaintiff's "Motion for the Issuance and Service of Summons and Complaint…." [Doc. 9]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 5].

## I. BACKGROUND

The *pro se* Plaintiff, a prisoner of the State of North Carolina, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] [Doc. 1]. He describes the issues in the case as: "United States Constitution, right to life and liberty, fair trial, due process of law and protection of honour, personal protection against abusive attacks on his reputation and his private and family life. 18 USC Ch. 79: perjury." [Doc. 1 at 3]. He names as Defendants Crishawna Hammonds and Angelina Smith. [Id. at 2]. He appears to claim that the Defendants provided false information and testimony about him, which resulted in his conviction and present incarceration. [Id. at 5-6].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii)

---

[1] Construing the Complaint liberally, the Plaintiff also appears to assert a defamation claim under North Carolina law. [Doc. 1 at 5].

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). In order to satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). For instance, a private entity's conduct is considered to be state action when the state has "coerced, or has provided 'significant encouragement' to, a private actor, or there is 'pervasive entwinement of public institutions and public officials' with a private entity…." Peltier v. Charter Day School, Inc., 37 F.4th 104, 115 (4th
2

Cir. 2022). The Plaintiff has named two private citizens as the Defendants in this § 1983 action. He has failed to allege any theory under which the Defendants could be considered state actors and he has, thus, failed to state a § 1983 claim against them.

Further, "a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 367 (2012); see also Briscoe v. LaHue, 460 U.S. 325, 332-33 (1983). Although the Complaint is far from a model of clarity, it appears that some or all of the Plaintiff's claims are related to the Defendants' testimony at his criminal trial. Any such claims are barred.[2] The Plaintiff's § 1983 claims are thus subject to dismissal.

To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, the Plaintiff's North Carolina defamation claim is dismissed without prejudice.

Plaintiff's "Motion for the Issuance and Service of Summons and Complaint…" [Doc. 9] will be denied as moot, as the Complaint has failed to pass initial review.

## IV. CONCLUSION

In sum, the Complaint is dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted, and the pending Motion is denied as moot.

The Court will allow the Plaintiff thirty (30) days to file a superseding Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject

---

[2] Abstention principles also apply to any claims for damages that would necessarily imply the invalidity of a conviction or sentence that has not been reversed or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477 (1994).

to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim upon which relief can be granted.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file a superseding Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. Plaintiff's "Motion for the Issuance and Service of Summons and Complaint…." [Doc. 9] is **DENIED AS MOOT**.

4. The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 25, 2023

Robert J. Conrad, Jr.
United States District Judge