UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-642-RJC-SCR

| DAMETRI DALE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| CRISHAWNA HAMMONDS, et al., | ) | **ORDER** |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint. [Doc. 12]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 5].

**I. BACKGROUND**

The *pro se* Plaintiff, who is presently serving between 117 and 211 months in North Carolina prison on Mecklenburg County Superior Court convictions,[1] filed this civil rights action pursuant to 42 U.S.C. § 1983.[2] [Doc. 1]. The Complaint was dismissed on initial review as frivolous and for failure to state a claim upon which relief can be granted, and the Plaintiff was granted the opportunity to amend. [Doc. 10]. The Amended Complaint is now before the Court for initial review. [Doc. 12].

The Plaintiff claims that Defendants Chrishawna Hammond, Angelina Smith, and Leon Smith, who are all private citizens, wrongfully accused him of crimes, which resulted in his Mecklenburg County convictions. [Id. at 5-7]. He describes his claims as "U.S. Const. life and liberty; fair trial; due process of law; abusive attacks upon his honor, reputation, private and family

---

[1] Case Nos. 17CRS241162 and 17CRS241159.

[2] The Court liberally construed the Complaint to assert a defamation claim under North Carolina law as well. [Doc. 1 at 5].

life. Defamation; false imprisonment." [Id. at 3]. For injury, he claims: "1) mental breakdowns; 2) mental, physical, emotional and verbal abuse; 3) wrongful conviction; 4) false imprisonment; 5) harm/attacks on his professional and personal reputation; 6) deprivation of constitutional rights; 7) lost wages and friends and/or family." [Id. at 10]. He seeks a declaratory judgment, unspecified injunctive relief, compensatory and punitive damages, a jury trial, costs of this action, and any additional relief the Court deems just, proper, and equitable. [Id. at 9]. He contends that a judgment in his favor in this case would not necessarily invalidate his criminal judgment. [Id. at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

Case 3:22-cv-00642-RJC-SCR   Document 13   Filed 04/25/23   Page 2 of 6

**III. DISCUSSION**

The Plaintiff again names private citizens as the sole Defendants in this action. As discussed on initial review of the Complaint, § 1983 only applies to conduct that is "fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982); see American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (the color of law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful").

The Plaintiff presently claims that: during meetings with prosecutors in June and July 2022, Defendants Hammond and Smith "essentially admitt[ed] that previous statements made were false" and told prosecutors that they "did not want to continue on with the case;" but, "on information and belief[,] … Defendants Hammonds, A. Smith and L. Smith were coerced and significantly encouraged by prosecuting attorneys to continue on with the unlawful and unjust actions…." [Doc. 12 at 7]. These allegations are insufficient to plausibly allege that these private citizens' actions were fairly attributable to the state. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). The Defendants did not become state actors by reporting Plaintiff to the police.[3] McDonald v. Sites, 2019 WL 3330611, at *2 (E.D.N.C. May 20, 2019). Moreover, the Plaintiff's claims would be dismissed even if the Defendants could be considered state actors.

The Plaintiff's claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

---

[3] To the extent that the Plaintiff suggests that the Defendants conspired with prosecutors, the allegations are insufficient to support such a claim. See Wiggins v. 11 Kew Garden Ct., 497 F. App'x 262 (4th Cir. 2012) (bare assertion of conspiracy between § 1983 defendants and state court judges and employees was insufficient to state a claim).

3

> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). It appears that the Plaintiff's present claims would necessarily imply the invalidity of his convictions or sentences in the underlying criminal matters. Plaintiff, however, has not alleged that his convictions have been reversed or otherwise invalidated. Therefore, his claims for damages are barred by Heck. The Plaintiff's conclusory contention to the contrary is unavailing. [See Doc. 12 at 8].

The Plaintiff's claims are also insufficient to proceed. The Plaintiff's conclusory allusions to "U.S. Const. life and liberty; fair trial; due process of law; abusive attacks upon his honor, reputation, private and family life [and] … false imprisonment" are so deficient and conclusory that they fail the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson, 900 F.2d at 35; Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Construing the Amended Complaint liberally, it appears that the Plaintiff is attempting to assert a claim for malicious prosecution. See generally Wyatt v. Cole, 504 U.S. 158, 164-65 (1992); Malley v. Briggs, 475 U.S. 335, 340-41 (1985). A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which

4

incorporates certain elements of the common law tort. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). To demonstrate a favorable termination of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff need only show that his prosecution ended without a conviction. Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022).

The Plaintiff was convicted in two Mecklenburg County Superior Court cases and he is presently incarcerated for those offenses. He cannot, therefore, satisfy the "favorable termination" requirement and he has failed to state a claim for malicious prosecution.[4] Accordingly, to the extent that he attempts to assert a claim for malicious prosecution, it is dismissed.

The Court again declines to exercise supplement jurisdiction over any claims the Plaintiff is attempting to bring under North Carolina law because no federal claim has passed initial review. [See Doc. 10 at 3].

The Court will dismiss this action with prejudice, as the Plaintiff was previously granted to opportunity to amend once and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

The Plaintiff is strongly admonished against filing any future duplicative, improper, or frivolous actions or documents with this Court. [See 1:22-cv-234-MR, Doc. 18].

## IV. CONCLUSION

In sum, the Amended Complaint is dismissed with prejudice.

**ORDER**

---

[4] Moreover, as discussed on initial review of the Complaint, the Defendants are entitled to absolute witness immunity insofar as the Plaintiff's claims are based on any grand jury or trial testimony. [See Doc. 10 at 3].

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 12] is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim upon which relief can be granted.

The Clerk of Court is respectfully instructed to close this case.

Signed: April 24, 2023

Robert J. Conrad, Jr.
United States District Judge